148

FAUSTO E. ARANDES, Plaintiff and Appellee, *v.* DEOGRACIAS VIERA ET AL., Defendants; and HEIRS OF TEODORO VIERA, Appellants. EDUARDO HERNÁNDEZ REXACH ET AL., Interveners and Appellees.

No. 10985.   Argued June 22, 1953.—Decided June 30, 1953.

*Rafael Soltero Peralta* for appellants.   *F. Fernández Cuyar* for defendant *Las Monjas Racing Corp.*   *Félix Ochoteco, Jr.,* for plaintiff and appellee.   *Ruiz Suria & Ruiz Suria* for interveners and appellees.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Defendant-appellee, Las Monjas Racing Corporation, prays for the dismissal of this appeal urging that we lack jurisdiction because it was not served with the notice of appeal filed by codefendant-appellants, Amadée, Teodoro,

María del Carmen and Deogracias Viera Echegaray and María Echegaray widow of Viera.

A certificate issued by the Clerk of the Superior Court of Puerto Rico, San Juan Part, indicates that Las Monjas Racing Corporation filed its answer in this case represented solely by Mr. F. Fernández Cuyar; that after the trial was held judgment was entered on March 25, 1953 as follows:

"For the reasons stated by this court today in the Statement of the Case, Findings of Fact and Conclusions of Law in the above-entitled action, judgment is entered for plaintiff and therefore:

"1. It is decided that plaintiff Fausto E. Arandes is the sole owner of the 369 shares with a par value of One Hundred Dollars ($100) per share, represented by certificate number 138 issued by codefendant 'Las Monjas Racing Corporation' in the name of Teodoro Viera Sosa. The shares represented by that certificate are not, at present, subject to the payment of any debt in favor of the 'Asociación Agrícola de Hato Rey,' since plaintiff owes nothing to the aforesaid codefendant.

"2. That since the debt plaintiff owed to the 'Asociación Agrícola de Hato Rey' no longer exists, a debt which once was secured by the 369 shares, those shares should be restored to their lawful owner, plaintiff herein, wherefore 'Las Monjas Racing Corporation' is ordered to cancel the aforesaid certificate No. 138 for 369 shares which appears in the name of Teodoro Viera Sosa, and to issue a new certificate representing the same number of shares in the name of Fausto E. Arandes.

"3. The Clerk of this Section of the Court will deliver certificate No. 138 to 'Las Monjas Racing Corporation' for the purpose of the cancellation previously ordered, and 'Las Monjas Racing Corporation' shall in turn deliver to the Clerk of this Section the new certificate issued by that corporation in favor of Fausto E. Arandes for 369 shares in order that the certificate may become subject completely and in the fullest degree to the attachment encumbering the 369 shares to be substituted and levied in civil case No. 26619 before the former District Court of the Judicial District of San Juan, P. R., 'Las Monjas Racing Corporation' v. 'Arandes & Grovas', et als.

"4. Codefendants María del Carmen, Amadée, Teodoro and Deogracias Viera Echegaray and María Echegaray Widow of

Viera are ordered to pay the costs and the sum of $1,500 as attorney's fees.

"Record and Notify.

"Given in San Juan, P. R., on March 25, 1953.
(signed) Rodolfo Ramírez Pabón.—Judge.";

that notice of this judgment was sent to Félix Ochoteco, Attorney for the plaintiff, to Rafael Soltero Peralta, Attorney for the heirs of Teodoro Viera, to Ruiz Suria and Ruiz Suria, Attorneys for the interveners, and F. Fernández Cuyar, Attorney for Las Monjas Racing Corporation; that copies of the notice were filed on record on April 1, 1953, except the notice sent to Abelardo Ruiz Suria, which was filed on March 31 of the same year. It also appears from that certificate that on April 28, 1953, the defendant heirs of Teodoro Viera, represented by their attorney, Rafael Soltero Peralta, filed a notice of appeal from the above judgment, certifying at the bottom of the notice that it had been served by mail on Félix Ochoteco, Attorney for plaintiff and on Ruiz Suria and Ruiz Suria, Attorneys for interveners, but not that it had been served on F. Fernández Cuyar, Attorney for Las Monjas Racing Corporation.

The appellants admit that they have not served the notice of appeal on codefendant Las Monjas Racing Corporation, but they allege that it is an excusable and justifiable clerical error and that the failure to serve the notice of appeal on the latter codefendant should be considered as a mere irregularity and not as a jurisdictional defect. Appellants also urge, although not too earnestly, that the above-mentioned codefendant should not be regarded as an "adverse party" for the purposes of this appeal.

■ We have repeatedly held that when an adverse party interested in the judgment which may finally be entered is not served with a copy of the notice of appeal made in the case, this Court lacks jurisdiction to consider the appeal which therefore must be dismissed. *Montero v. Santoni*, 55 P.R.R. 689; *Villegas v. Heirs of McCormick*, 40 P.R.R.

854; *Báez* v. *Municipal Court*, 44 P.R.R. 493; *Palerm* v. *Vargas*, 41 P.R.R. 577; *López* v. *Heirs of Ramos et al.*, 40 P.R.R. 749; *Seoanes* v. *Cortés et al.*, 38 P.R.R. 783.

██ The requirement of serving the notice of appeal on the adverse party [1] is statutory and consequently, we cannot excuse appellant from compliance either by Rule or decision. *Casasús* v. *White Star Bus Line*, 58 P.R.R. 864. (On motion for rehearing.) We have also held that, for the purposes of a notice of appeal, the term "adverse party" does not mean every party in the case, but refers to every party who may be affected by the reversal or modification of the judgment from which the appeal is taken. *Rivera* v. *Great Am. Indemnity Co.*, 70 P.R.R. 787 and cases cited therein.

██ Now, should Las Monjas Racing Corporation be considered an *adverse party* for the purposes of this appeal? The answer must be in the affirmative. The right to the ownership of 369 shares of the corporation "Las Monjas Racing Corporation," represented by certificate No. 138 issued by that corporation in favor of Teodoro Viera Sosa, the appellants' predecessor, is contested in this case. The judgment appealed from decides that those shares belong to plaintiff-appellee Fausto E. Arandes and not to the defendant-appellants. It also provides that the new certificate for 369 shares, to be issued by Las Monjas Racing Corporation in the name of plaintiff-appellee, shall be subject completely and in the fullest degree to the attachment levied on the shares to be substituted in another suit carried on the same court by Las Monjas Racing Corporation against "*Arandes & Grovas et al.*" Hence, Las Monjas Racing Corporation is deeply interested in whether the judgment appealed from is sustained, since should it be decided in this appeal that the shares do not belong to plaintiff Arandes, the attachment

---

[1] Section 296 of the Code of Civil Procedure in force provides the following:

"Section 296.—An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

levied by it in the other suit above mentioned would have no legal effect. Such a conclusion would affect it adversely. Its interest in the affirmance of the judgment is similar to the interest it would have in the suit filed by it against "Arandes & Grovas" if Viera Sosa had challenged the title to the shares attached in that suit.

In the latter suit had the lower court affirmed the validity of the attachment on the assumption that the attached shares belonged to the defendant Arandes, and if Viera Sosa had appealed from that finding, no doubt appellant would have been obliged to serve the notice of that appeal on Las Monjas Racing Corporation as plaintiff in that case, because the latter's position would be adverse to appellant's and therefore would have to be considered as a true *adverse party* for the purposes of the appeal.

The fact that the judgment appealed from was entered in another suit where the title to those shares is directly in dispute between the heirs of Viera Sosa and Fausto E. Arandes, does not alter the adverse party position assumed by Las Monjas Racing Corporation toward Viera Sosa as a consequence of previously attaching those shares as the property of Arandes in its own suit.

Therefore, since Las Monjas Racing Corporation is an adverse party for purposes of the appeal brought by the heirs of Deogracias Viera Sosa, and since it was not served with the notice of appeal within the statutory period, it follows that the appeal will be dismissed for lack of jurisdiction.